George Frankenthaler, S.
The special guardian’s first objection to the trustees’ account is disposed of as follows: the trustees are directed to establish a special fund in the *705 sum of $337.50, representing attorneys’ fees and disbursements which they conceded at the hearing were improperly deducted from the corpus in which the infant has a contingent interest. This fund is to be maintained until it can be determined whether the infant’s future interest will vest in possession and thus entitle him to possession of the fund. Objections numbered 2 and 3 have been withdrawn. Objection number 4, which concerns the size of the attorneys’ fee, was withdrawn pursuant to a stipulation that the sum in question represents compensation for all legal services through the entry of the decree in the instant proceeding, which includes trustees’ resignations and accounts and a substitution of trustees. The claim for reimbursement of disbursements, other than fees for the service of citation and filing fees, has been waived. The fee of the attorney-trustee is allowed in the amount requested.
The special guardian requests a construction of the provisions in the will governing this trust which he contends require payment from income of all of the expenses of this accounting proceeding.
Item Six of the will defines the “ net ” income distributable to the beneficiaries as the balance of income remaining after the payment of *1 all proper expenses for administering the trust and all taxes of any kind properly payable upon or in respect to the trust or the income therefrom and all proper and necessary expense or disbursement for the maintenance or care of the principal or corpus of the trust.” Legal fees and other expenses incurred as a result of the judicial settlement of the trust account, necessitated by the death of a beneficiary and trustees’ resignations, are not clearly within the categories of charges which the testator apportioned to income, and in the absence of an unambiguous expression of intention the court cannot construe this will as directing a deviation from the applicable equitable rules governing the allocation of expenses between principal and income.
Upon the submission of Edith L. Dennis’ resignation as a cotrustee, to which she agreed in the course of the hearing, and the filing of a supplemental affidavit bringing the account down to date, a decree may be submitted on notice or consent settling the account, approving the resignation of the individual cotrustees and appointing the Bank of New York as sole successor trustee.